IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY MCIVER,<br><br>                Plaintiff,<br><br>    v.<br><br>RED LION INNS OPERATING, LP, a<br>Limited Partnership; WEST DOUGHBOY<br>LLC, a Delaware Limited Liability<br>Company,<br><br>                Defendants. | 02:04-cv-1969-GEB-GGH<br><br><br><br>ORDER* |

        Plaintiff moves for sanctions against Defendants' counsel ("Counsel") under 28 U.S.C. § 1927 ("section 1927") because "despite numerous phone calls, letters, drafts, and promises made, . . . [C]ounsel still has not yet provided an executed settlement agreement." (Pl.'s Mot. at 1.)  Counsel did not file any opposition to the motion.

        "Section 1927 provides that an attorney who 'so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

---

    * This motion was determined suitable for decision without oral argument. L.R. 78-230(h).

1

1  conduct.'"  T.W. Elec. Service, Inc. v. Pacific Elec. Contractors
2  Ass'n, 809 F.2d 626, 638 (9th Cir. 1987).  "Pursuant to Section 1927,
3  three substantial requirements must be met before [sanctions] may be
4  imposed: (1) a multiplication of proceedings by an attorney; (2) by
5  conduct that can be characterized as unreasonable and vexatious; and
6  (3) a resulting increase in the cost of the proceedings." Campana v.
7  Muir, 615 F. Supp. 871, 874 (D.C. Pa. 1985).
8         The first requirement, a multiplication of the proceedings,
9  "involves an assessment of the impact that the attorney's conduct had
10 on court processes."  Id.; T.W. Elec. Service, 809 F.2d at 638
11 (stating Section 1927 is "concerned only with limiting the abuse of
12 court processes").  Plaintiff contends Counsel has "needlessly and
13 recklessly multiplied the proceedings by making and breaking numerous
14 promises about status of the settlement paperwork, about his
15 commitments to send provisions and so forth, and causing numerous
16 unwarranted phone calls, letters and this motion."  (Pl.'s Mot. at 5.)
17 However, Plaintiff has not demonstrated how the conduct complained of
18 has impacted court processes.  Therefore, the motion is denied.
19         IT IS SO ORDERED.
20 Dated:  May 11, 2006

                              /s/ Garland E. Burrell, Jr.
                              GARLAND E. BURRELL, JR.
                              United States District Judge